IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
JUN 18 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEEANN ROWE, COLLECTION BUREAU SERVICES, INC., and LINCOLN COUNTY, a political subdivision of the State of Montana,<br><br>Defendants. | CV 19–32–M–DWM<br><br>ORDER,<br>DECREE OF FORECLOSURE,<br>AND ORDER OF SALE |

This matter having been brought before the Court by Plaintiff, the United States, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and after considering the pleadings and filings, it appearing there is no issue of material fact, the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This court has jurisdiction under 28 U.S.C. § 1345 because this action was commenced by the United States. The real property that is subject to this foreclosure action is located in Lincoln County, and more particularly described as follows:

1

Lot 15, Chapman's Homesites, according to the plat thereof on file in the office of the Clerk and Recorder of Lincoln County, Montana.

2. The United States loaned DeeAnn Rowe the total principal sum of $68,382.19 in the form of a Section 502 Rural Housing loan and assumption agreement. These loans are evidenced by an assumption agreement wherein DeeAnn Rowe assumed the debt of Robert E. Huff and Caroline C. Huff in the amount of $43,332.19. DeeAnn Rowe also executed a promissory note in the original principal amount of $25,050.00, both dated March 8, 2002. A true and correct copy of the assumption agreement and promissory note are attached to the Complaint as Exhibit A, (Doc. 1-1), and Exhibit B, (Doc. 1-2).

3. As security for the above-described loans, DeeAnn Rowe executed a real estate mortgage on March 8, 2002, providing the United States a security interest in the real property described above to secure the amount owed under the terms of the assumption agreement and note. The mortgage was filed for record with the Clerk and Recorder of Lincoln County on March 8, 2002, in Book 272 at Page 706. A true and correct copy of the mortgage is attached to the Complaint as Exhibit C, (Doc. 1-3). In addition, the assumption agreement executed by DeeAnn Rowe assumes the real estate mortgage dated April 12, 1990, executed by Robert E. Huff and Caroline C. Huff, filed with the Clerk and Recorder of Lincoln County on April 12, 1990, in Book 155 at Page 693. A true and correct copy of the mortgage is attached to the Complaint as Exhibit D, (Doc. 1-4).

2

4. Defendant DeeAnn Rowe is in default under the terms of the assumption agreement and promissory note described above due to failure to make timely payments of principal and interest as agreed. The account was accelerated on May 2, 2018. (Doc. 1 at ¶ 5.)

5. Defendant DeeAnn Rowe is indebted to Plaintiff for the loans outlined above in the principal amount of $50,003.19, plus interest computed at the daily rate of $8.60 per day for the accrued total amount of $2,466.95, plus fees in the amount of $1,837.62 ($24.33 late charges, fees for negative escrow of taxes and insurance of $1,278.29, and $535.00 for litigation guarantee), for a combined total of $54,307.76 as of November 16, 2018. In addition, if the value of the real property exceeds the principal and accrued interest ($54,307.76), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated March 8, 2002, attached to the Complaint as Exhibit E, (Doc. 1-5). The interest subject to recapture will be $36,893.66, making a total of $91,201.42 due and owing. Interest continues to accrue from November 16, 2018, at the rate of $8.60 per day until the date of entry of judgment. A true and correct copy of the Affidavit of Kimberly Maines of the Rural Housing Service is attached to the Complaint as Exhibit F, (Doc. 1-6), which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. (Doc. 1 at ¶ 6.)

6. Defendant Collection Bureau Services, Inc., a Montana corporation, has or may have an interest in the real property subordinate to the real estate mortgage of the United States by virtue of judgments against DeeAnn Rowe, filed in the Montana Nineteenth Judicial District Court, Lincoln County: February 25, 2008, under Cause No. DV-08-55; March 2, 2009, under Cause No. DV-09-30; June 1, 2009, under Cause No. DV-09-87; November 28, 2011, under Cause No. DV-11-299; and November 12, 2013, under Cause No. DV-13-241. (Doc. 1 at ¶ 7.)

7. Defendant Lincoln County has or may have an interest in the property by virtue of real property taxes that may be due and owing. The principal amount of real property taxes takes priority over the mortgage held by the United States. (Doc. 1 at ¶ 8; Doc. 8 at ¶ 3.)

8. Defendant DeeAnn Rowe was personally served by the Lincoln County Sheriff's Office with a copy of the Summons and Complaint. (Doc. 10.) Defendant DeeAnn Rowe did not make an appearance. Her Default was entered on May 29, 2019. (Doc. 13.)

9. Defendant Collection Bureau Services, Inc. executed a Waiver of Service of Summons that was filed with the Court on February 22, 2019. (Doc. 5.) Defendant Collection Bureau Services, Inc. did not make an appearance. Its Default was entered on May 29, 2019. (Doc. 13.)

4

10. Marcia Boris, Lincoln County Attorney, executed a Waiver of Service of Summons that was filed with the Court on March 6, 2019. (Doc. 7.) On March 7, 2019, Defendant Lincoln County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. (Doc. 8.) It was further stipulated that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is subject of the foreclosure to the date of sale. (Doc. 8 at ¶ 3.)

## CONCLUSIONS OF LAW

11. Lincoln County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

12. Plaintiff is entitled to foreclosure judgment against Defendant DeeAnn Rowe in the principal amount of $50,003.19, plus interest computed at the daily rate of $8.60 for the accrued total amount of $2,466.95 as of November 16, 2018, plus fees in the amount of $1,837.62 ($24.33 late charges, fees for negative escrow of taxes and insurance of $1,278.29, and $535.00 for litigation guarantee), for a combined total of $54,307.76 as of November 16, 2018. In addition, if the value of the real property exceeds the principal and accrued interest ($54,307.76), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated March 8, 2002. The interest subject to recapture will be $36,893.66, making a total of $91,201.42 due and owing as of November 16, 2018.

5

Interest continues to accrue from November 16, 2018, at the rate of $8.60 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

13. Plaintiff is entitled to an order of sale of the real property described in this Order.

Based on the Findings of Fact and Conclusions of Law,

IT IS ORDERED that the United States's motion for entry of judgment, decree of foreclosure, and order of sale (Doc. 14) is GRANTED as follows:

1. The Clerk of Court is directed to enter judgment for Plaintiff, the United States of America, and against Defendant DeeAnn Rowe in the principal amount of $50,003.19, plus interest computed at the daily rate of $8.60 for the accrued total amount of $2,466.95 as of November 16, 2018, plus fees in the amount of $1,837.62 ($24.33 late charges, fees for negative escrow of taxes and insurances of $1,278.29, and $535.00 for litigation guarantee), for a combined total of $54,307.76 as of November 16, 2018. In addition, if the value of the real property exceeds the principal and accrued interest ($54,307.76), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated March 8, 2002. The interest subject to recapture will be $36,893.66, making a total of $91,201.42 due and owing as of November 16, 2018. Interest continues to accrue

from November 16, 2018, at the rate of $8.60 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. The material allegations contained in Plaintiff's Complaint are true and correct.

3. The United States's mortgages on the real property described below are foreclosed and the property, together with all improvements, tenements, rights, privileges, and appurtenances, is ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court. Counsel for Plaintiff shall prepare a Notice of Sale and file an Affidavit of Publication with the Petition for Confirmation of U.S. Marshal's Sale. The real property is located in Lincoln County, Montana, and described as follows:

> Lot 15, Chapman's Homesites, according to the plat thereof on file in the office of the Clerk and Recorder of Lincoln County, Montana.

Common Address: 1410 Cabinet Avenue, Libby, Montana.

4. The real property shall be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825.

5. The real property shall be sold in one unit.

6. If Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but may be in the form of suitable documentary evidence as a debit against the judgment.

7

7. The U.S. Marshal shall provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser shall be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8. In the event Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to Plaintiff upon issuance of a Marshal's deed, a writ of assistance shall be issued directing the U.S. Marshal to deliver possession of the premises to Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

   A. To Lincoln County, Montana, to satisfy the principal amount of any assessed taxes, to date of sale.

   B. To Plaintiff, the United States of America, to satisfy the judgment set forth in paragraph 1 above.

   C. To the Clerk of Court for disbursement according to further order of this Court.

10. If the monies from the sale are insufficient to pay the amounts due to Plaintiff, the expenses of sale, and the costs, Plaintiff shall have a deficiency judgment against DeeAnn Rowe.

11. The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage which is subject to this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, and subsequent to the filing of this action, shall be forever barred and foreclosed of and from all equity of redemption and claim to the mortgaged premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

12. All or any of the parties to this action shall be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, shall be due and payable to Plaintiff.

DATED this 18th day of June, 2019.

Donald W. Molloy, District Judge
United States District Court